UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                          CRIMINAL NO. 3:19-CR-273-DPJ-FKB

TODRIAN KWAME LAPHAND

ORDER

Defendant Todrian Kwame Laphand previously filed three one-page motions seeking credit towards his federal sentence for time he was in custody from December 2019 to May 2021. *See* Mots. [57, 58, 59]. The Court denied those motions on August 3, 2022. Order [65]. More than five months later, Laphand filed two more motions: (1) a Motion for Issuance of Subpoena [67] seeking records from the Mississippi Department of Corrections and the Mississippi Board of Parole dating back to 2019 and (2) a Motion for Relief from Judgment and Order [68] asking the Court to reconsider its denial of his previous motions. As explained below, both motions are denied.

I.      Preliminary Issues

The Court construed Laphand's previous motions for credit as a single habeas petition under 28 U.S.C. § 2241. Now, Laphand cites Federal Rule of Civil Procedure 60 and seeks "relief from the Court's previous order denying [those] motions." Mot. [68] at 1. This presents two procedural issues.

First, the Government says Laphand is relying on 28 U.S.C. § 2255 because he mentions it in his motion. Gov't's Resp. [69] at 2. But that statute is inapplicable, and Laphand disavows any reliance on it. Mot. [68] at 2 ("[T]his action is not construed under 28 U.S.C. § 2255 . . . ."). The Court therefore need not consider the Government's arguments under § 2255.

Second, the Government argues that if the Court construes Laphand's current motion as a new petition under § 2241, then jurisdiction is lacking because Laphand no longer resides in this district. True enough, a § 2241 petition "must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). But the Government offered neither argument nor authority suggesting that the Rule 60 motion should be construed as a new § 2241 petition, and Rule 60 has previously been applied in this context. *See Queen v. Outlaw*, 668 F. App'x 137, 138 (5th Cir. 2016) (considering Rule 60 motion seeking relief from order denying § 2241 petition). Absent contrary argument from the Government, the Court concludes that the Rule 60 motion is not a separate habeas action. Accordingly, "[j]urisdiction attached on [the] initial filing for habeas corpus relief, and it [is] not destroyed by the transfer of petitioner and accompanying custodial change." *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).

II.     Rule 60 Motion

Laphand asserts that his motion for reconsideration arises under Rule 60(b). That rule provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Laphand never says which subsection of the rule applies, but he argues that the Court's ruling on his § 2241 petition was "inapposite," and he contends that the Court misapplied the law. Mot. [68] at 2. In *Kemp v. United States*, the Supreme Court held that "a judge's errors of law are indeed 'mistake[s]' under Rule 60(b)(1)." 142 S. Ct. 1856, 1862 (2022). Laphand's motion therefore falls under Rule 60(b)(1).

The Government argues that Laphand failed to file within the time allowed for Rule 60(b)(1) motions. Federal Rule of Civil Procedure 60(c) provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reason[] (1) . . . no more than a year after the entry of the judgment or order or the date of the proceeding." The plain reading of that text indicates "that any motion filed under 60(b)(1) be filed within a 'reasonable time' that is not to exceed one year." *Stewart v. Vannoy*, No. 18-204, 2020 WL 5437770, at *2 (W.D. La. Sept. 10, 2020); *cf. Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985) (holding that Rule 60(b)(1) motion filed within one year was not filed within a reasonable time). In this case, the Court's order denying credit was docketed on August 3, 2022; Laphand's motion was filed on January 17, 2023, five and a half months later. It was therefore within the one-year period, so the Court must determine whether the delay was reasonable.

"What constitutes a reasonable time under Rule 60(b) depends on the particular facts of the case in question." *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 119 (5th Cir. 1992) (quoting *Fed. Land Bank v. Cupples Bros.*, 889 F.2d 764, 767 (8th Cir. 1989)). And "[t]he timeliness of the motion is measured as of the point in time when the moving party has grounds to make such a motion, regardless of the time that has elapsed since the entry of judgment." *Id.* at 120. "[A] Rule 60(b) motion filed after the time to appeal has run that seeks to

3

remedy errors that are correctable on appeal will typically not be filed within a reasonable time." *Mendez v. Republic Bank*, 725 F.3d 651, 660 (7th Cir. 2013) (cited by *Kemp*, 142 S. Ct. at 1864). That's because "Rule 60(b) simply may not be used as an end run to effect an appeal outside the specified time limits, otherwise those limits become essentially meaningless." *Pryor*, 769 F.2d at 288.

Laphand's Rule 60 motion was filed well after the time to appeal expired, and he offered no response to the Government's argument that his Rule 60 motion is untimely. The arguments he asserts in his motion could have been raised in his § 2241 petition or in a timely appeal because he cites pre-judgment law and offers no new evidence. Indeed, the documents he hopes to subpoena relate to events in 2019, three years before the Court considered his § 2241 petition. Under these circumstances, the motion for reconsideration was not filed within a reasonable time as Rule 60(c) requires. The motion is denied on this basis.[1]

III.   Motion to Issue Subpoenas

Laphand asks the Court to issue subpoenas duces tecum to the Mississippi Department of Corrections, the parole board, its members, and related entities. Mot. [67]. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary

---

[1] Even if timely filed, the Court is not convinced its previous order contained a "mistake." Fed. R. Civ. P. 60(b)(1). Here, Laphand relies primarily on three Fifth Circuit cases. First, he cites *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), but *Willis* is "inapplicable" when, as in this case, "the federal judgment [does] not specify concurrent sentences." *Potoski v. Fox*, 583 F. App'x 396, 397 (5th Cir. 2014). Second, he cites *Spence v. United States*, 452 F.2d 1198, 1199 (5th Cir. 1971). But like *Willis*, the exception addressed in *Spence* applies "if [the state sentence] runs concurrently with a longer federal sentence." *Id.* The final case Laphand mentions is *Shaw v. Smith*, 680 F.2d 1104, 1106 (5th Cir. 1982). Assuming that case survived the 1984 amendments that produced 18 U.S.C. § 3584(b), it would not apply if Laphand received state credit, and he has not met his burden of showing that he did not. *See Rivas v. Haro*, No. 01-30556, 2002 WL 334880, at *1 (5th Cir. 2002) (acknowledging *Shaw* but holding that because time was credited toward the state sentence, § 3584(b) "precluded that time being credited to his federal sentence").

4

course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, the Court may permit a habeas petitioner access to discovery upon a showing of "good cause." Rules Governing Section 2254 Cases in the United States District Courts, Rule 6(a); *see Ortloff v. Fleming*, 88 F. App'x 715, 717 (5th Cir. 2004) (applying Rule 6's standards in a § 2241 case and noting "[t]here is no valid reason why the law should be different for discovery in a 28 U.S.C. § 2241 habeas case"). "A petitioner demonstrates 'good cause' under Rule 6(a) 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *United States v. Fields*, 761 F.3d 443, 478 (5th Cir. 2014) (quoting *Bracey*, 520 U.S. at 908–09). "A petitioner's factual allegations must be specific, as opposed to merely speculative or conclusory, to justify discovery under Rule 6." *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000). Given the Court's conclusion that his Rule 60 motion is untimely, Laphand has not demonstrated good cause for an order permitting discovery. The Court further notes that the records he hopes to obtain relate to a decision in 2019 and could have been requested before judgment. The motion for subpoenas [67] is likewise denied.

**SO ORDERED AND ADJUDGED** this the 9th day of March, 2023.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE